IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOHN T. HARDEE,**

    **Plaintiff,**

v.                                                  Civil Action No. 3:25cv88

**MUNICIPAL JAIL VIRGINIA BEACH
SHERIFF'S OFFICE,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

John T. Hardee, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on July 15, 2025, the Court dismissed the action without prejudice because Mr. Hardee failed to file a particularized complaint. (ECF Nos. 13, 14.) The matter is now before the Court on the Emergency Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion," ECF No. 20), a submission entitled, "TOLLING OF TIME TO FILE APPEAL" ("Motion to Extend Appeal Period," ECF No. 22), and a Motion for Leave to File Amended Complaint or Particularized Complaint ("Motion to Amend," ECF No. 26). As discussed below, the Rule 59(e) Motion will be GRANTED, and the remaining motions will be DENIED.

### I. Procedural History

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Hardee's allegations in his

original Complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on June 5, 2025, the Court directed Mr. Hardee to submit a particularized complaint within thirty (30) days of the date of entry thereof. (ECF No. 12.) The Court warned Mr. Hardee that the failure to submit a particularized complaint would result in the dismissal of the action. (ECF No. 12, at 2.)[1] Because more than thirty (30) days elapsed after the entry of the June 5, 2025 Memorandum Order and Mr. Hardee failed to submit a particularized complaint or otherwise respond, by Memorandum Opinion and Order entered on July 15, 2025, the Court dismissed the action without prejudice. (ECF Nos. 13, 14.)

On August 1, 2025, the Court received a notice of change of address from Mr. Hardee indicating that he was moved into the Virginia Department of Corrections on July 16, 2025. (ECF No. 16, at 1.) Mr. Hardee also noted that he had not received an order from the Court since he was granted leave to proceed *in forma pauperis*. (ECF No. 16, at 2.) In a Memorandum Order entered on August 12, 2025, the Court explained that Mr. Hardee was required to update his address promptly upon his transfer. (ECF No. 19, at 1.) Nevertheless, because it appeared that Mr. Hardee may not have received the June 5, 2025 Memorandum Order, the Court provided Mr. Hardee another opportunity to file a particularized complaint within thirty (30) days of the date of entry thereof. The Court explained that if Mr. Hardee failed to file a particularized complaint within that time that the matter would remain closed. (ECF No. 19, at 4.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Mr. Hardee's submissions.

Instead of availing himself of the opportunity to file a particularized complaint, on August 18, 2025, Mr. Hardee filed the Rule 59(e) Motion, the Motion to Extend Appeal Period, and a Notice of Appeal. (ECF Nos. 20, 22, 23). On August 25, 2025, Mr. Hardee filed the Motion to Amend with an accompanying Particularized Complaint. As discussed below, because Mr. Hardee has filed a Particularized Complaint, the Rule 59(e) Motion will be granted. However, the Motion to Amend will be denied as futile and the Motion to Extend Appeal Period will be denied as unnecessary.

## II. Rule 59(e) Motion

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Although Mr. Hardee does not address any specific ground for relief under Rule 59(e), it appears that he believes the Court should reconsider its decision dismissing the action to correct a clear error of law or prevent manifest injustice. Mr. Hardee indicates that he "was prejudiced and injured by the actions of Defendants at Virginia Beach Correctional Center," and then cites Virginia Supreme Court Rule 5A:18 which purportedly "allows for exceptions for good cause show to attain the ends of justice." (ECF No. 20, at 2.) As a preliminary matter, a Virginia Supreme Court Rule does not apply in this federal court so that is not a basis to reopen the

action. In his Memorandum of Law, and in his attached Affidavit, Mr. Hardee indicates that he did not receive anything from the Court after the Memorandum Order granting him leave to proceed *in forma pauperis* and therefore, his case should not have been dismissed because he did not receive the June 5, 2025 Memorandum Order directing him to file a particularized complaint. (ECF No. 20, at 3; ECF No. 21, at 2.)

After receiving Mr. Hardee's correspondence on August 1, 2025, in which he provided this same information, the Court provided Mr. Hardee with another opportunity to file a particularized complaint. That renewed opportunity corrected any error or manifest injustice that may have occurred when the Court dismissed the action previously because he had not filed a particularized complaint. Mr. Hardee has now filed a Particularized Complaint. Because the Court understands that Mr. Hardee did not receive the original July 5, 2025 Memorandum Order directing him to file a particularized complaint, and Mr. Hardee has now filed a Particularized Complaint, the Court will reopen the action. Accordingly, the Rule 59(e) Motion (ECF No. 20) will be GRANTED.

### III. Motion to Amend

"Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). As discussed below, granting the Motion to Amend would be futile.[2]

---

[2] The Court notes that Mr. Hardee's motion fails to comply with the Court's local rules. Local Rule 7 states that all motions "shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc. Civ. R. 7(F)(1). For this reason alone, all of Mr. Hardee's Motion to Amend could be denied. Mr. Hardee is placed on notice of this rule for all future filings.

4

In his Motion to Amend, Mr. Hardee indicates that he has discovered that "[s]ince the filing of the original complaint, and as Hardee layed out in his Particularized Complaint, Virginia Beach Correctional Center or Virginia Beach Sheriff's Office Employees Mail Room Staff 'Jane Doe #1 and 'Jane Doe #2,' as well as Sergeant, Jane Doe 'Kearly, and Captain John Doe 'Oneil' have violated Hardee's rights in retaliation to his § 1983 filing, and must be added to this suit as seen." (ECF No. 26, at 1.) The August 12, 2025 Memorandum Order required Hardee to identify a list of defendants as his first paragraph of the Particularized Complaint.[3] (ECF No. 19, at 3.) A review of Hardee's attached Particularized Complaint shows that out of the above-named Defendants, only the "Municipal Jail, Virginia Beach Correctional Center Employees" is named in the section where Mr. Hardee was specifically instructed to name the Defendants. (ECF No. 26-1, at 1.) Accordingly, because the remainder of these Defendants were not named as Defendants in the first paragraph of the Particularized Complaint, any request to amend to add these Defendants is DENIED as futile.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency," are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at

---

[3] The Court considers only those Defendants identified in the first paragraph of the Particularized Complaint as Defendants to the action. Namely, the Municipal Jail, Virginia Beach Sheriff's Office; Municipal Jail, Virginia Beach Correctional Center Employees; Virginia Beach Sheriff, 'Rocky' Holcomb; Virginia Beach Law Librarian/Sergeant J. Wilson #20-007; Virginia Beach Sergeant, A. Edwards, #12-017; Virginia Beach Grievance Coordinator, John Doe #15-014; and, Virginia Beach Sergeant, Conti-or-Conte, #98-12. (ECF No. 26-1, at 1.)

*2 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person' "); *Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). The "Municipal Jail, Virginia Beach Correctional Center Employees," is not a person or persons amenable to suit under § 1983. Accordingly, any attempt by Mr. Hardee to amend his complaint to add this Defendant is futile. Accordingly, the Motion to Amend (ECF No. 26) will be DENIED.

Nevertheless, in the August 12, 2025 Memorandum Order, the Court instructed Mr. Hardee to file a Particularized Complaint. Mr. Hardee filed a Particularized Complaint as an attachment to his Motion to Amend. The Clerk will be DIRECTED to file the Particularized Complaint (ECF No. 26-1). The Particularized Complaint remains pending before the Court for screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## IV. Motion to Extend Appeal Period

Mr. Hardee also filed a Motion to Extend Appeal Period. (ECF No. 22.) The Court dismissed the action on July 15, 2025. (ECF Nos. 13, 14.) Mr. Hardee had thirty (30) days to appeal the July 15, 2025 dismissal of his action. *See* Fed. R. App. P. 4(a)(1)(A). Mr. Hardee's Notice of Appeal was received in the mailroom on August 14, 2025.[4] (ECF 23-2, at 2.) Thus, Mr. Hardee's Notice of Appeal was filed within the thirty days permitted and was timely filed. The Motion to Extend the Appeal Period (ECF No. 22) will be DENIED as unnecessary.[5]

---

[4] The Court deems the Notice of Appeal filed as of this date. *See Houston v. Lack*, 487 U.S. 266 (1988).

[5] Further, on September 8, 2025, Hardee voluntarily dismissed his appeal. (ECF No. 27.)

## V. Conclusion

The Rule 59(e) Motion (ECF No. 20) will be GRANTED. The July 15, 2025 Memorandum Opinion, Order, and Judgment will be VACATED, and the Clerk shall place the case back on the active docket. The Motion to Extend the Appeal Period (ECF No. 22) will be DENIED as unnecessary. The Motion to Amend (ECF No. 26) will be DENIED as futile. The Clerk will be DIRECTED to file Particularized Complaint (ECF No. 26-1) as a separate docket entry.[6]

An appropriate Order shall accompany this Memorandum Opinion.

Date: 09/19/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[6] The remaining Defendants are: Municipal Jail, Virginia Beach Sheriff's Office; Virginia Beach Sheriff, 'Rocky' Holcomb; Virginia Beach Law Librarian/Sergeant J. Wilson #20-007; Virginia Beach Sergeant, A. Edwards, #12-017; Virginia Beach Grievance Coordinator, John Doe #15-014; and, Virginia Beach Sergeant, Conti-or-Conte, #98-12. (ECF No. 26-1, at 1.)