IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN T. HARDEE,

      Plaintiff,

      v.                                Civil Action No.  3:25cv88

MUNICIPAL JAIL VIRGINIA BEACH
SHERIFF'S OFFICE, *et al.*,

      Defendants.

### MEMORANDUM OPINION

John T. Hardee, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court on Mr. Hardee's Particularized Complaint (ECF No. 32), for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and for Mr. Hardee's compliance with the August 12, 2025 Memorandum Order (ECF No. 19).  For the reasons stated below, Mr. Hardee's Particularized Complaint will be dismissed.

### I.  Procedural History

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States.  *See Dowe v. Total Action Against Poverty in Roanoke*

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Mr. Hardee's allegations in his original Complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on June 5, 2025, the Court directed Mr. Hardee to submit a particularized complaint within thirty (30) days of the date of entry thereof. (ECF No. 12.) The Court warned Mr. Hardee that the failure to submit a particularized complaint would result in the dismissal of the action. (ECF No. 12, at 2.)[2] Because more than thirty (30) days elapsed after the entry of the June 5, 2025 Memorandum Order and Mr. Hardee failed to submit a particularized complaint or otherwise respond, by Memorandum Opinion and Order entered on July 15, 2025, the Court dismissed the action without prejudice. (ECF Nos. 13, 14.)

On August 1, 2025, the Court received a notice of change of address from Mr. Hardee indicating that he was moved into the Virginia Department of Corrections on July 16, 2025. (ECF No. 16, at 1.) Mr. Hardee also noted that he had not received an order from the Court since he was granted leave to proceed *in forma pauperis*. (ECF No. 16, at 2.) In a Memorandum Order entered on August 12, 2025, the Court explained that Mr. Hardee was required to update his address promptly upon his transfer. (ECF No. 19, at 1.) Nevertheless, because it appeared that Mr. Hardee may not have received the June 5, 2025 Memorandum Order, the Court provided Mr. Hardee another opportunity to file a particularized complaint within thirty (30) days of the

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation and removes extraneous quotation marks in the quotations from Mr. Hardee's submissions. The Court notes that Mr. Hardee often omits words in his sentences. Rather than attempt to supply the missing words, the Court quotes Mr. Hardee verbatim.

date of entry thereof. The Court explained that if Mr. Hardee failed to file a particularized complaint within that time that the matter would remain closed. (ECF No. 19, at 4.)

Instead of availing himself of the opportunity to file a particularized complaint, on August 18, 2025, Mr. Hardee filed a Rule 59(e) Motion, a Motion to Extend Appeal Period, and a Notice of Appeal. (ECF Nos. 20, 22, 23). On August 25, 2025, Mr. Hardee filed a Motion to Amend with an accompanying Particularized Complaint. By Memorandum Opinion and Order entered on September 19, 2025, the Court granted the Rule 59(e) Motion, vacated the July 15, 2025 Memorandum Opinion and Order and reinstated the case on the active docket. (ECF No. 30, 31.) However, the Court denied the Motion to Amend as futile and the Motion to Extend Appeal Period as unnecessary. (ECF No. 31, at 1.) In denying the Motion to Amend, the Court explained as follows:

> In his Motion to Amend, Mr. Hardee indicates that he has discovered that "[s]ince the filing of the original complaint, and as Hardee layed out in his Particularized Complaint, Virginia Beach Correctional Center or Virginia Beach Sheriff's Office Employees Mail Room Staff 'Jane Doe #1 and 'Jane Doe #2,' as well as Sergeant, Jane Doe 'Kearly, and Captain John Doe 'Oneil' have violated Hardee's rights in retaliation to his § 1983 filing, and must be added to this suit as seen." (ECF No. 26, at 1.) The August 12, 2025 Memorandum Order required Hardee to identify a list of defendants as his first paragraph of the Particularized Complaint.[3] (ECF No. 19, at 3.) A review of Hardee's attached Particularized Complaint shows that out of the above-named Defendants, only the "Municipal Jail, Virginia Beach Correctional Center Employees" is named in the section where Mr. Hardee was specifically instructed to name the Defendants. (ECF No. 26-1, at 1.) Accordingly, because the remainder of these Defendants were not named as

---

[3] The Court considers only those Defendants identified in the first paragraph of the Particularized Complaint as Defendants to the action. Namely, the Municipal Jail, Virginia Beach Sheriff's Office; Municipal Jail, Virginia Beach Correctional Center Employees; Virginia Beach Sheriff, 'Rocky' Holcomb; Virginia Beach Law Librarian/Sergeant J. Wilson #20-007; Virginia Beach Sergeant, A. Edwards, #12-017; Virginia Beach Grievance Coordinator, John Doe #15-014; and, Virginia Beach Sergeant, Conti-or-Conte, #98-12. (ECF No. 26-1, at 1.)

Defendants in the first paragraph of the Particularized Complaint, any request to amend to add these Defendants is DENIED as futile.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency," are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). The "Municipal Jail, Virginia Beach Correctional Center Employees," is not a person or persons amenable to suit under § 1983. Accordingly, any attempt by Mr. Hardee to amend his complaint to add this Defendant is futile. Accordingly, the Motion to Amend (ECF No. 26) will be DENIED.

Nevertheless, in the August 12, 2025 Memorandum Order, the Court instructed Mr. Hardee to file a Particularized Complaint. Mr. Hardee filed a Particularized Complaint as an attachment to his Motion to Amend. The Clerk will be DIRECTED to file the Particularized Complaint (ECF No. 26-1). The Particularized Complaint remains pending before the Court for screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

(ECF No. 30, at 5–6.) The Court directed the Clerk to docket the Particularized Complaint.

(ECF No. 31, at 1.) The Court explained that:

The remaining Defendants are: Municipal Jail, Virginia Beach Sheriff's Office; Virginia Beach Sheriff, 'Rocky' Holcomb; Virginia Beach Law Librarian/Sergeant J. Wilson #20-007; Virginia Beach Sergeant, A. Edwards, #12-017; Virginia Beach Grievance Coordinator, John Doe #15-014; and, Virginia Beach Sergeant, Contior-Conte, #98-12.

(ECF No. 30, at 7 n.4 (citing ECF No. 26-1, at 1).)

## II. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The

4

first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In

order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the

plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

*DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft*

*Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th

Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574

F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing

statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.

*See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City*

*of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Allegations and Claims

In the August 12, 2025 Memorandum Order, the Court instructed Mr. Hardee to file a

Particularized Complaint. In his Particularized Complaint, Hardee names the following

remaining Defendants:

> a) Municipal Jail, Virginia Beach Sheriff's Office;
> b) Virginia Beach Sheriff, 'Rocky' Holcomb;
> c) Virginia Beach Law Librarian/Sergeant J. Wilson #20-007;
> d) Virginia Beach Sergeant, A. Edwards, #12-017;
> e) Virginia Beach Grievance Coordinator, John Doe #15-014; and,
> f) Virginia Beach Sergeant, Conti-or-Conte, #98-12.

(ECF No. 32, at 1.) Mr. Hardee's Particularized Complaint is rambling and contains vague

allegations about Defendants periodically providing him with insufficient legal library services,

improperly handling grievances, perhaps tampering with his mail, and removing legal materials

from his cell. With respect to the remaining claims, Mr. Hardee states as follows:[4]

    1.    At all relevant times, the Plaintiff, John T. Hardee, ("Hardee"), was incarcerated at Virginia Beach Correctional Center ("VBCC"), from June 1, 2023 to July 16, 2025. Upon arrival to VBCC, Hardee informed the Fourth Circuit of his transfer from Norfolk City Jail ("NCJ"), satisfying the requirement under in forma pauperis statute for Hardee's civil action against the Hampton Roads Regional Jail ("HRRJ"). (See Hardee v. Walz, et al., 3:20CV729).

    2.    Within a matter of days, Hardee contacted VBCC's "Law Library Services, and "Request for Notary Services" on VBCC's "Inmate Request Form." . . . . Hardee received a response back from Defendant J. Wilson ("J. Wilson"), that said, "Contact your attorney for copies of all legal material." Hardee wrote J. Wilson a Request Form (paraphrasing) that he was in civil litigation already, and if he lost his lawsuit because of VBCC, and he could not get copies, case law or services, etc., that VBCC would become liable for the millions of dollars he was suing for versus HRRJ's employees, etc., in Civil Action No. 3:20CV729. J. Wilson responded by telling Hardee (paraphrasing), you must be pro se to receive help from VBCC; in which Hardee sent some of his copies in 3:20CV729 to J. Wilson, as well as to VBCC's Administration Department requesting a grievance.

    3.    Instead of giving Hardee a grievance, a Sergeant Uzzle and Corporal Standard pulled Hardee into the hallway for a chat. (Timeframe of chat was at or around July 2023). When Hardee showed them his motions, etc., proving pro se status, and informed them that he had deadlines and could not play around with disputes over copies, case law, etc., with VBCC, and again informed them that they would be liable for any injuries suffered as a result of the struggle with J. Wilson over case law and copies. Sergeant Uzzle informed Hardee that he would have anything he needed moving forward. For a long while, Hardee had no issues with VBCC or J. Wilson, because he was receiving the cases, procedures, and copies he needed. That was before Defendant, Sheriff Rocky Holcomb ("Sheriff Holcomb"), took over from the previous VBCC Sheriff, Ken Stolle.

    4.    At some point towards the end of 2024 . . . , Hardee had a petition signed by over 30 inmates . . . which challenged VBCC's Rule Book (page #39) as being unconstitutional and a violation of the First and Fourteenth Amendment and asking the VBCC to change the policy which states on page #39, "if you have a lawyer [. . .] you must contact them [. . .] for legal materials needed for your case." . . . . Also, on page #39, VBCC says that it will assist inmates filing § 1983s, habeas corpus, and appeals if they are pro se. Hardee also asked that VBCC add the app called "Case Finder" to their Global Tel Link ("GTL") tablets, to alleviate VBCC of the vast majority of legal requests for case law . . . .

    5.    Hardee sent said petition home to make copies, and when it was sent back to Hardee, VBCC employees in the mail room blocked Hardee from receiving it saying it was contraband. How? At that point, Hardee's family sent a copy of

---

[4] The Court omits the badge numbers in the quotations from the Particularized Complaint.

said petition to VBCC administration. Hardee received an investigation form with Sheriff Holcomb's name at the top of the stationary . . . stating that they—VBCC—were investigating. That investigation was later closed and sent to Hardee, with yet another Sheriff Holcomb stationary, without stating any findings. . . .

6.      Between November 2024, and February 2025, Hardee submitted standard grievances, emergency grievances, and numerous request forms fighting VBCC employees J. Wilson, Sheriff Holcomb, Grievance Coordinator John Doe ("#15-014"), Sergeant A. Edwards ("A. Edwards"), Sergeant Conti-or-Conte ("Conti/Conte"), and VBCC's Mail Room Employees ("Mail Room Staff") . . . .

7.      To be specific, once Hardee's standard grievance was denied, and emergency grievance was returned without comment, he knew the violations were accurate and had merit. Once Hardee's standard grievance was stated as "non-grievable," he filled out a facility "Request Form" and checked the box "Request for Grievance Appeal." Defendant #15-014 attempted to play dumb and ask, "what is this about?" (paraphrasing). . . . Once I submitted another Request Form reminding #15-014 about the grievance he had brought and dropped in the cell, he said "determined 'non-grievable'" (paraphrasing) and refused to bring Hardee his grievance appeal form—which violates the bottom of the grievance, VBCC's Rule Book, and both the Virginia and United States Constitution. . . .

8.      Hardee does not recall the dates exactly that he opened Civil Action No. 3:25CV88, or what dates the Court allowed Hardee to proceed in forma pauperis—because these items have been taken from Hardee by VBCC employees (to be explained later). Once the Court sent notice to VBCC asking what Hardee's past 6-month balance was, all communications over Request Form got worse. Hardee wrote the Court not once but twice asking about why he hadn't heard from the court in months and grew fearful that VBCC Mailroom Employees as well as the other Defendants in this case were retaliating by censoring and discarding both incoming and outgoing documents as they applied to VBCC.

9.      In Hardee's second attempt to reach the Court, he sent a Preliminary Injunction/Temporary Restraining Order against all Defendants (minus at the time VBCC Mailroom Staff). . . .[5]

. . . .

12.     The final violation and injustice done to Hardee was on July 1, 2025. On said date, the VBCC Administration (which included over 30 deputies, etc.) did a block shakedown, removing Hardee and the rest of the block (16 total inmates), and placing them in the hallway. When Hardee and his cellmates returned to the cell, along with the other inmates, the VBCC Sheriff's Office Employees tried to

---

[5] Mr. Hardee lists and describes the grievances and request forms that he submitted to the Court with the Preliminary Injunction/Temporary Restraining Order. It is unclear what his intent is in listing these documents except to point out what he believes the Court failed to receive. The Court omits his description of these documents because they relate to his claim against the Virginia Beach Sheriff's Office Employees Mail Room Staff (*see* ECF No. 32, at 6–7), a party that the Court dismissed from the action by Memorandum Opinion and Order entered on September 19, 2025. In abundance of caution, the Court later recites the description of the grievances against J. Wilson in the section of the analysis discussing Mr. Hardee's claims against her.

lock everyone into their cells.  When Hardee saw his legal papers (which is stacked about 2 feet tall consisting of case law both civil and criminal trial transcripts, etc.) were shoved over, he realized items for this action were missing because they were on top.  Hardee moved towards the door demanding that the items they took be returned, and Hardee was taken to the Hole (3CF).

(ECF No. 32, at 1–7 (third and fourth omission in original).)  Mr. Hardee was housed in the

"Hole (C3F)" for eight days.  (ECF No. 32, at 7–8.)  On July 16, 2025, Mr. Hardee was sent to

the Virginia Department of Corrections.  (ECF No. 32, at 8.)

Mr. Hardee contends in his "CIVIL RIGHTS VIOLATIONS/LEGAL CLAIMS" that:

The Defendants jointly and severally acted under color of state law, depriving Hardee of his constitutional and statutory rights conferred by the laws of the United States, and Virginia, and the Court must draw a reasonable inference that the Defendants are liable to Hardee for violations of:
a) First Amendment to the United States Constitution;[6]
b) Fourteenth Amendment to the United States Constitution;[7]
c) Article I § 12 of the Virginia Constitution;[8]
d) Supervisory Liability;
e) creating/allowing an unconstitutional policy or custom;
f) direct municipal liability;
g) inadequate law library and failure to add law library to tablet; and,
h) retaliatory treatment for filing § 1983 claims and for filing grievances.

---

[6] "Congress shall make no law . . . abridging the freedom of speech . . . ."  U.S. Const. amend. I.

[7] "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.

[8] This section addresses freedoms of speech and of the press, the right to assemble, and the right to petition the government for redress of grievances.  Va. Const. Art. I, sec. 12.

(ECF No. 32, at 8.)[9]  For the reasons discussed below, Mr. Hardee's claims against each defendant must be dismissed.

### IV.  Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of theories for relief.  *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).  Mr. Hardee's Particularized Complaint will be dismissed for failure to state a claim and as legally frivolous.

#### A.  Not a Person Under § 1983

As a preliminary matter, as discussed above, neither the jail nor the Virginia Beach Sheriff's Office, are persons amenable to suit under § 1983.  *See Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000); *Hardee v. City of Norfolk*, No. 3:20CV558, 2021 WL 2482681, at *3 (E.D. Va. June 17, 2021) (dismissing Mr. Hardee's action against jail and Norfolk Sheriff's Office because they are not persons that can be sued under § 1983).  Accordingly, any claim against Municipal Jail, Virginia Beach Sheriff's Office will be DISMISSED because it fails to state a claim and is legally frivolous.

#### B.  Mr. Hardee Fails to State a Claim Against Defendants Holcomb, Edwards, John Doe #15-014, and Conti/Conte

Next, with respect to Defendants Holcomb, Edwards, John Doe #15-014, and Conti/Conte, Mr. Hardee fails to allege sufficient facts to plausibly suggest that these Defendants were personally involved in the deprivation of his rights.  "Government officials may not be held

---

[9] Mr. Hardee then provides a lengthy statement of his claims against each defendant. (ECF No. 32, at 9–10.)  The Court recites the statement of the claim for each specific defendant later in the analysis section where appropriate.

liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676 (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff[']s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability is "personal, based upon each defendant's own constitutional violations").

At most, with respect to Defendant Holcomb, Defendant Edwards, and Defendant Conti/Conte, Mr. Hardee suggests that he "submitted standard grievances, emergency grievances, and numerous request forms fighting VBCCs employees . . . Sheriff Holcomb, Grievance Coordinator, John Doe #15-014 . . . , Sergeant A. Edwards . . . , Sergeant Conti-or-Conte . . . ." (ECF No. 32, at 4.) Mr. Hardee provides no other facts describing how Defendant Edwards or Defendant Conti/Conte were personally involved in the alleged constitutional violations. With respect to Defendant Holcomb, Mr. Hardee adds only that he received a letter on Defendant Holcomb's letterhead. (ECF No 32, at 4.) With respect to John Doe #15-014, Hardee indicates that John Doe #15-014 "attempted to play dumb and ask[ed] what is this about?" for a facility request form. (ECF No. 32, at 4.) None of these vague allegations plausibly suggest how Defendant Holcomb, Defendant Edwards, Defendant John Doe #15-014, and Defendant Conti/Conte were involved with a deprivation of his constitutional rights.[10]

---

[10] Throughout the Complaint, Mr. Hardee simply mentions "Defendants." However, a vague reference to "Defendants" fails to impute personal liability to each individual Defendant. *Cf. Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) ("Vague references to a group of defendants, without specific allegations tying the individual defendants to the alleged

In his "CIVIL RIGHTS VIOLATIONS/LEGAL CLAIMS," Mr. Hardee provides no further clarification of these Defendants' involvement except to recite a litany of rights purportedly violated. For example, with respect to Defendant Holcomb, Mr. Hardee states:

> Sheriff Holcomb is guilty of violating Hardees First Amendment, Fourteenth Amendment, Article I § 12 of Virginia's Constitution, because Hardee has a right to petition VBCC for a redress of grievances; right to due process of law; right of access to the courts, and to challenge the VBCC Rule Book page #39 as being unconstitutional on its face; creating/allowing an unconstitutional policy or custom to continue; supervisory liability, for retaliating against Hardee for filing § 1983 by taking his legal documents, throwing Hardee in the hole, and censoring/disposing of Hardee's legal mail both coming and going, through his VBCC Sheriff's Office Employees, and VBCC Employee's Mail Room Staff.

(ECF No. 32, at 9; *see also* ECF No. 32, at 9–10.)[11]

Mr. Hardee fails to allege any facts indicating that Defendant Holcomb was personally involved in the deprivation of his rights. Mr. Hardee attempts to impose liability on Defendant Holcomb based on his supervisory role as Sheriff. Contrary to Mr. Hardee's suggestion, Defendant Holcomb is not liable simply because he supervised other individuals who may have violated Mr. Hardee's rights. *Vinnedge*, 550 F.2d at 928. To the extent that Mr. Hardee believes that Defendant Holcomb is liable under a theory of *respondeat superior* simply based on his position, he fails to state a claim for relief. *Iqbal*, 556 U.S. at 676 (citations omitted).[12] In sum,

---

unconstitutional conduct'" fail to support a claim for relief against the individual defendants. (citing *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003))).

[11] Later Mr. Hardee also states that "Sheriff Holcomb, Sergeant Kearly, Defendants VBCC Sheriff's Office, and other VBCC employees are guilty of substantive due process for retaliatory treatment by throwing Hardee into administrative segregation to get back at him for filing § 1983 and taking his legal paperwork." (ECF No. 32, at 10.) Mr. Hardee alleged no facts about Sheriff Holcomb being personally involved in any decision to place Mr. Hardee in segregation. Moreover, Mr. Hardee did not identify a Sergeant Kearly as a Defendant in the list of Defendants, so Kearly is not considered as such here.

[12] To show that a supervising officer failed to fulfill his or her duties to protect an inmate by ensuring his subordinates act within the law, the inmate must show that:

Mr. Hardee fails to allege facts that would plausibly indicate that Defendant Holcomb personally violated his constitutional rights.[13]  Mr. Hardee fails to state a claim for relief against Defendant Holcomb and any claim against Defendant Holcomb will be DISMISSED without prejudice for failure to state a claim.

The legal claims against Defendant Edwards, Defendant John Doe #15-014, and Defendant Conti/Conte provide even less detail about how each defendant was personally involved in the deprivation of Mr. Hardee's rights.  Mr. Hardee states: "Sheriff Holcomb, Sergeant A. Edwards, Sergeant Conti-or-Conte, and Grievance Coordinator, John Doe #15-014, violated Hardee's First Amendment, Fourteenth Amendment, Article I § 12 of Virginia Constitution by denying Hardee to use the grievance process and appeal, violating the Due Process Clause, Substantive Due Process without reasonably being related to any penological interests." (ECF No. 32, at 9–10.)  Combining this statement of his legal claims with the facts he alleged in support of his claims, Mr. Hardee's allegations fall short of permitting the conclusion that these Defendants violated his rights.  As such, Mr. Hardee's vague factual allegations

---

(1) that the supervisor had actual or constructive knowledge that his or her subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)) (internal quotation marks omitted) (citations omitted).  Mr. Hardee fails to allege facts that support any one of these three factors.

[13] To the extent that Mr. Hardee intends to bring this action against Defendant Holcomb in his official capacity, he fails to state a claim for relief, because a sheriff is immune from suit under § 1983. *See Riddick v. Watson*, 503 F. Supp. 3d 399, 411–13 (E.D. Va. Nov. 5, 2020) (citations omitted) (explaining that "overwhelming authority" dictates that "Virginia sheriffs and their deputies are state officers afforded Eleventh Amendment immunity with respect to § 1983 official capacity claims").

against Defendant Edwards, Defendant John Doe #15-14, and Defendant Conti/Conte fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 566 U.S. at 683)). Accordingly, any claim against Defendant Edwards, Defendant John Doe #15-14, and Defendant Conti/Conte will be DISMISSED without prejudice for failure to state a claim.

### C. Mr. Hardee Fails to State a Claim Against Virginia Beach Law Librarian/Sergeant J. Wilson

Mr. Hardee raises the following claim against Defendant Wilson:

> J. Wilson, the law librarian and notary, violated Hardee's First Amendment, Fourteenth Amendment, Article I § 12 of the Virginia Constitution, inadequate law library, and retaliatory treatment for filing § 1983; because the law library was essentially inoperable. Hardee had the right to study law, procedure, and find meaningful access to the courts in order to prepare for his habeas corpus, long after he was done with his civil proceeding previously. J. Wilson stopped helping Hardee in retaliation to Hardee's § 1983.

(ECF No. 32, at 9.) As discussed below, Mr. Hardee fails to allege sufficient facts that would plausibly suggest that Defendant Wilson violated his constitutional rights.

As a preliminary matter, beyond his blanket statement, Mr. Hardee fails to provide any detail about how Defendant Wilson violated his First or Fourteenth Amendment rights.[14] At best, it appears that Mr. Hardee vaguely alleges that he was denied access to the law library because there was confusion over whether he was represented by an attorney at the time of his

---

[14] Mr. Hardee also fails to explain how Defendant Wilson violated Article I, Section 12 of the Virginia Constitution which is Virginia's analog to the First Amendment. However, freedom of speech protections under the Virginia Constitution are construed co-extensively with First Amendment protections in the United States Constitution. *Black v. Commonwealth*, 553 S.E.2d 738, 750 (Va. 2001) (Hassell, dissenting), *vacated in part on other grounds*, 538 U.S. 343 (2003). As discussed below, Mr. Hardee's First Amendment claims lack merit, and therefore the analog claims under the Virginia Constitution likewise fail.

requests. Mr. Hardee also alleges that Defendant Wilson retaliated against him by refusing to help him after he filed this action against her.

### 1. Denial of Access to the Courts

#### (a) Applicable Legal Standard

The United States Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), but rather a "right of access to the courts." *id.* at 350. Thus, an inmate who claims an inadequate law library violated his right of access to the courts may not prevail "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351. Rather, the inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.*

There are two categories of reasonable access to the courts claims. In the first category, "the essence of the access claim is that official action is presently denying [an inmate] an opportunity to litigate." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). In this type of case,

> [t]he opportunity has not been lost for all time, however, but only in the short term; the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed.

*Id.* The second category covers "specific cases that cannot now be tried . . . no matter what official action may be in the future" and look "backward to a time when specific litigation ended poorly, or could not have been commenced, or could have produced a remedy subsequently unobtainable." *Id.* at 413–14 (footnotes omitted). No matter the type of claim raised, the right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. Therefore, "the underlying cause of

15

action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.*

In order to plead either type of claim of denial of access to the courts,[15] a plaintiff must allege that he suffered actual injury—namely, that he was somehow precluded from pursuing a "nonfrivolous, arguable underlying claim." *Id.* at 415–16 (citing *Lewis*, 518 U.S. 343, 353 & n.3).[16] Accordingly, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." *Id.* at 417 (footnote omitted). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416. Additionally, the "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions." *Fennell v. Allen*, No. 3:09CV468, 2011 WL 2144560, at *2 (E.D. Va. May 31, 2011) (citation omitted). Furthermore, "[t]he fact that an inmate may not be able to litigate in exactly the manner he [or

---

[15] The United States Supreme Court has indicated the right of access to the courts sounds in both the First Amendment and the Due Process Clause of the Fourteenth Amendment. *See Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." (citation omitted)); *see also Wolff v. McDonnell*, 418 U.S. 539, 579 (1974) ("The right of access to the courts . . . is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."). The Court need not engage in a discussion of which amendment applies here, because Mr. Hardee's claim lacks merit.

[16] A plaintiff who has satisfied this first element must also allege facts indicating that he or she lacks any other "remedy that may be awarded as recompense" for the lost claim other than the instant suit. *Christopher*, 536 U.S. at 415. This is because there is "no point spending time and money to establish facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access-element." *Id.* Because Mr. Hardee has not identified a non-frivolous claim that Defendant Wilson prevented him from litigating, the Court need not address this second element.

she] desires is not sufficient to demonstrate the actual injury element of an access to courts claim." *Id.* (citation omitted).

### (b) **Mr. Hardee Fails to State a Claim for Relief**

Mr. Hardee appears to suggest that Defendant Wilson's conduct has interfered with his ability to litigate an ongoing lawsuit. Mr. Hardee seemingly suggests that he was delayed in receiving materials for his case No. 3:20CV729 in 2023, because Defendant Wilson believed he had an attorney. (ECF No. 32, at 2–3.) However, he also indicates that he ultimately received the materials and experienced no more problems for some time. (ECF No. 32, at 3.) Mr. Hardee later describes requests forms he sent to Defendant Wilson in 2024 and 2025, for the purpose of describing exhibits that he sent to the Court for a filing in this case. In describing the exhibits, Mr. Hardee states: "There were more exhibits involving J. Wilson as well, proving her inability to assist Mr. Hardee whatsoever." (ECF No. 32, at 5.) Mr. Hardee also describes a

> request form from Hardee dated May 24, 2025, where Hardee stated, "You have recently denied me case law, stating both of my attorneys' names who represent my violation and my appeal." These two lawyers don't respond to Hardee, because Hardee did not pay either, and the cases and procedures requested had nothing to do with why they were representing Hardee.
> Hardee then says in the same request form for "Law Library Services," that, "none of that changes the fact that I am still in litigation pro se against Christopher Walz [3:20CV729], pro se in my habeas corpus, and now I'm in litigation against VBCC because of your unconstitutional policy on page #39. Send me the cases I requested." J. Wilson's response was the same as page #39, and the response to . . . many, many others at VBCC. J. Wilson underlines the word "all legal material."

(ECF No. 32, at 5–6.) Finally, Mr. Hardee describes another exhibit attached to a Court filing in the present case:

> Now, I reveal one more exhibit dated December 5, 2024, prior to J. Wilson being informed of the § 1983 against her and the other VBCC Defendants. Hardee asked for Virginia Supreme Court Rule 2:701, and the same case [another inmate] asked for but was denied—Secret v. Commonwealth. Hardee was charged $1.80 for 18

17

pages copies.  So, what changed for Hardee? Retaliation for the lawsuit and challenging VBCC's unconstitutional policy.

(ECF No. 32, at 6.)  Thus, it appears that Mr. Hardee is complaining about alleged interference with his ongoing case No. 3:20CV729.

Nevertheless, Mr. Hardee's Particularized Complaint is completely devoid of any allegations concerning an actual injury to non-frivolous litigation which is essential to his claim. Indeed, Mr. Hardee identifies no predicate claim that Defendant Wilson is preventing or has prevented him from litigating.  At best, Mr. Hardee indicates that he experienced delay in receiving materials.  Given this, Mr. Hardee wholly fails to describe a "predicate claim . . . well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 416 (footnote omitted).  Thus, Mr. Hardee fails to allege actual injury from Defendant Wilson's actions which is fatal to his claim.  *See Taylor v. Manis*, No. 7:20–cv–00121, 2021 WL 519903, at *4 (W.D. Va. Feb. 11, 2021) (explaining that a "lack of specificity as to any resulting harm [to ongoing litigation in a specifically identified case] renders his claims subject to dismissal"), *aff'd* 2022 WL 4534270 (4th Cir. 2022).

To the contrary, Mr. Hardee alleges nothing more "than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions," which is insufficient to state a claim for relief. *Fennell*, 2011 WL 2144560, at *2 (citation omitted).  Simply put, "[t]he fact that [Mr. Hardee] may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." *Id.* (citation omitted).

In sum, Mr. Hardee fails to allege facts suggesting an actual injury to non-frivolous litigation. Accordingly, Mr. Hardee's claim against Defendant Wilson under the First and Fourteenth Amendment, is DISMISSED for failure to state a claim and as legally frivolous.

### 2. Retaliation

#### (a) Applicable Law for Retaliation Claims

Claims of retaliation by inmates are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition retaliatory in the sense that it responds to prisoner misconduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)) (some internal quotation marks omitted). "[P]laintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal . . . ." *Adams*, 40 F.3d at 74. Instead, a plaintiff must allege facts that plausibly show "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Id.* at 75.

"To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Jones v. Solomon*, 90 F.4th 198, 213 (4th Cir. 2024) (quoting *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020)). "An inmate claiming retaliation must 'allege *specific facts* showing retaliation because of the exercise of [his] constitutional rights.'" *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (citation omitted). The relevant showing in retaliation cases "must be more than the prisoner's 'personal belief that he is the victim of retaliation.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)).

Mr. Hardee's claim of retaliation is exceptionally vague. At most he contends that, "J. Wilson stopped helping Hardee in retaliation to Hardee's § 1983." (ECF No. 32, at 9.) The Court has thoroughly reviewed the Particularized Complaint and has found no facts that directly support this bald assertion. At most, Mr. Hardee recites the content of a Request Form dated May 24, 2025, where he asked for copies of cases, and stated, "I'm in litigation against VBCC because of your unconstitutional policy on page #39." (ECF No. 32, at 5–6.) According to Mr. Hardee's description, Defendant Wilson responded by informing him that he needed to contact his attorney for copies of legal materials. (ECF No. 32, at 5–6.) As discussed below, Mr. Hardee fails to allege specific facts that would plausibly state a claim of retaliation.

### (b) **Mr. Hardee Fails to State a Plausible Claim of Retaliation**

As to the first factor of the retaliation analysis, the United States Court of Appeals for the Fourth Circuit has held that inmates engage in protected First Amendment activity when they write grievances and file lawsuits. *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 544–46 (4th Cir. 2017). Accordingly, Mr. Hardee satisfies the first factor because he engaged in protected activity when he filed a lawsuit. With respect to the second factor, "a plaintiff suffers adverse action" for the purposes of a First Amendment retaliation claim "if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (citations omitted). Mr. Hardee indicates that Defendant Wilson, at some point while this action was pending, "stopped helping Hardee in retaliation to Hardee's § 1983." (ECF No. 32, at 9.) In support of this claim, Mr. Hardee alleges that Defendant Wilson responded to one request from Hardee indicating that he needed to obtain legal materials from his attorney. (*See* ECF No. 32, at 6–7.) However, Mr. Hardee has alleged no adverse impact or

20

how he was harmed.  A brief difficulty in accessing legal materials fails to constitute an adverse action that would deter 'a person of ordinary firmness' from the exercise of First Amendment rights." *Constantine*, 411 F.3d at 500 (citations omitted); *see Ofori v. Fleming*, No. 7:20-cv-00345, 2021 WL 4462922, *6 (W.D. Va. Sept. 29, 2021) ("the fact that it was difficult to access legal material does not constitute an adverse action" especially when the inmate "alleges that the difficulties were the result of general policies, not specifically aimed at him"). *But see Zimmerman v. Tribble*, 226 F.3d 568, 573–74 (7th Cir. 2000) (finding that *repeated* denial of access to library facilities after filing grievances against librarian "alleges the bare minimum to survive a dismiss under § 1915A"). Thus, it is doubtful that Mr. Hardee satisfies the second factor of the analysis.

Nevertheless, Mr. Hardee fails to satisfy the third factor of the retaliation analysis because he alleges no plausible causal connection between the protected First Amendment activity and the alleged adverse action. *Constantine*, 411 F.3d at 501.

Recently, the Fourth Circuit has explained that courts should apply the "burden-shifting framework of the same-decision test," in assessing the third factor of the retaliation analysis. *Shaw v. Foreman*, 59 F.4th 121, 130 (4th Cir. 2023) (citation omitted). "That test allocates a prima facie burden to the plaintiff to [allege] that his protected activity was 'a substantial or motivating factor' in the defendants' action." *Id.* (citation omitted). "In order to establish this causal connection, a plaintiff in a retaliation case must [allege], at the very least, that the defendant was aware of [his] engaging in protected activity." *Constantine*, 411 F.3d at 501. However, "[k]nowledge alone . . . 'does not establish a causal connection' between the protected activity and the adverse action." *Id.* (quoting *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004)).  There must also be circumstantial evidence, such as evidence that the retaliation took

21

place within some "temporal proximity" of the protected activity, or direct evidence of a retaliatory motive. *Id.*; *see Hill v. Lappin*, 630 F.3d 468, 475–76 (6th Cir. 2010). The Fourth Circuit has explained that the "causal requirement is 'rigorous,'" and it is "not enough that the protected expression played a role or was a motivating factor in the retaliation," instead the inmate "must show that 'but for' the protected expression the [defendant] would not have taken the alleged retaliatory action." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015) (citation omitted).

Mr. Hardee fails to allege any facts that would plausibly suggest that Defendant Wilson retaliated against him because he filed this lawsuit. Mr. Hardee filed this suit on February 5, 2025. (ECF No. 1.) At most, Mr. Hardee indicates that he informed Defendant Wilson in a request for "Law Library Services" on May 24, 2025, that he was in "litigation against the VBCC because of your unconstitutional policy on page #39." (ECF No. 32, at 6.) Defendant Wilson responded that Mr. Hardee should obtain copies of legal materials from his attorney. (*See* ECF No. 32, at 6–7.) Even acknowledging that Mr. Hardee called the policy on page #39, "your," (possibly meaning her) policy, Mr. Hardee alleges no facts that would suggest that Defendant Wilson was aware that Mr. Hardee filed a lawsuit against her based on his statement in his request that he was "in litigation against the VBCC." Thus, Hardee has not demonstrated that Defendant Wilson took any adverse action in temporal proximity to the filing of his lawsuit or that she was even aware of a lawsuit against her. More importantly, Mr. Hardee fails to show that his filing of the present lawsuit protected "was 'a substantial or motivating factor' in the defendant['s] action." *Shaw*, 59 F.4th at 130.

Beyond his conclusory allegation that Defendant Wilson "stopped helping Hardee in retaliation to Hardee's § 1983," (ECF No. 32, at 9), Mr. Hardee fails to plausibly suggest a

causal connection between this lawsuit and Defendant Wilson's failure to provide caselaw to Mr. Hardee.  Cutting against his claim, Mr. Hardee alleges that Defendant Wilson refused to provide him with legal materials on the same basis (directing him to obtain copies from his attorney) in 2023, well before he filed this lawsuit.  More notably, Mr. Hardee also indicates that Defendant Wilson provided the same response to Mr. Hardee, two other inmates "and many, many others at VBCC," during the same time period as he was denied caselaw, which again refutes the inference that this lawsuit led to her response.  (ECF No. 32, at 5–6.)  Thus, Mr. Hardee fails to plausibly allege facts suggesting that Defendant Wilson denied him legal materials in retaliation for filing a lawsuit against her.  Rather, it appears that Defendant Wilson was following a policy of the VBCC whether or not she was correctly and consistently applying it to Mr. Hardee and other inmates.  *See Ofori*, 2021 WL 4462922, *6 (explaining that when inmate "alleges that the difficulties were the result of general policies, not specifically aimed at him . . . .  he cannot show that the policies themselves were a retaliatory action directed toward him or resulting from his litigation activities").  Mr. Hardee's suggestion that Defendant Wilson "stopped helping Hardee in retaliation to Hardee's § 1983," (ECF No. 32, at 9), is simply too conclusory and speculative to state a plausible claim of retaliation.  *Adams*, 40 F.3d at 74, 75 (summarily dismissing retaliation claim because it consisted of only "naked allegations of reprisal" and a conclusory assertion that the negative action "occurred as part of defendants' general scheme of retaliation"); *see Ashcraft v. Iqbal*, 556 U.S. 662, 668 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cause of action, and the court need not treat legal conclusions are true).  Accordingly, Mr. Hardee's retaliation claim against Defendant Wilson is not facially plausible and will be DISMISSED for failure to state a claim.

### V.  Conclusion

Any claim against Municipal Jail, Virginia Beach Sheriff's Office will be DISMISSED for failure to state a claim and as legally frivolous.  Any claim against Defendant Holcomb, Defendant Edwards, Defendant John Doe #15-014, and Defendant Conti/Conte will be DISMISSED without prejudice for failure to state a claim.  Mr. Hardee's denial of access to the courts claim against Defendant Wilson will be DISMISSED for failure to state a claim and as legally frivolous.  Mr. Hardee's retaliation claim against Defendant Wilson will be DISMISSED for failure to state a claim.  The action will be DISMISSED.  The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 1/13/2026
Richmond, Virginia

/s/ M. Hannah Lauck
Chief United States District Judge